UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

JERIMIAH TORRES,

                    Defendant.

Case No.  19-CR-6102-FPG

DECISION AND ORDER

      On May 9, 2023, the Court entered a judgment for revocation of supervision against Defendant Jerimiah Torres.  ECF No. 176.  Shortly before sentencing in federal court—on May 1, 2023—Defendant had pleaded guilty to third-degree robbery in state court and had been sentenced to a term of one-to-three years' imprisonment.  *See* ECF No. 178.  In light of that disposition, this Court sentenced Defendant to a term of twelve months "to run concurrent with the State sentence imposed by Judge Miller."  ECF No. 176 at 2.

      In connection with his state case, Defendant was granted parole and set to be released in August 2023.  *See* ECF No. 180 at 1.  However, upon his release from state custody, Defendant was taken into federal custody.  *See* ECF No. 178 at 1.  Defense counsel and Defendant have separately filed letters, in which they argue that continued federal detention is inconsistent with the concurrent term of imprisonment to which Defendant was sentenced.  ECF Nos. 178, 180.

      The Court concludes that Defendant is not entitled to relief.  As a procedural matter, neither Defendant nor defense counsel cite a statute or rule that provides a vehicle for his request.  Generally, a district court's power to amend a judgment or resentence a defendant is strictly limited.  *See, e.g.*, *United States v. Spallone*, 399 F.3d 415, 421 (2d Cir. 2005) (noting that a court "may not resentence a defendant unless expressly mandated by this court, *see* 28 U.S.C. § 2106,

1

or pursuant to the strict conditions established by Fed.R.Crim.P. 35 or 36"). Rule 35 permits a court to correct a sentence for "clear error," but only "[w]ithin 14 days after sentencing." Fed. R. Crim. P. 35(a). And while Rule 36 permits a court to correct a "clerical error" in a judgment "at any time," it cannot be used to rectify a substantive sentencing error. *See United States v. Werber*, 51 F.3d 342, 347 (2d Cir. 1995) ("Rule 36 is not a vehicle for the vindication of the court's unexpressed sentencing expectations, or for the correction of errors made by the court itself." (internal quotation marks omitted). The Second Circuit has suggested that a habeas petition may be brought under 28 U.S.C. § 2255 to correct "error[s] in the[] original sentencing proceedings," *id.* at 349 n.17, but no such petition has been brought, so the Court cannot evaluate whether such a petition would be procedurally or substantively proper.[1]

Regardless, the Court will address the substance of Defendant's argument and will summarize the basic principles governing the calculation of Defendant's federal sentence.

Under 18 U.S.C. § 3585(a), a federal defendant's term of imprisonment "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." *See United States v. Smith*, 812 F. Supp. 368, 370 (E.D.N.Y. 1993) ("A federal sentence does not commence until the Attorney General of the United States receives the defendant into his custody for service of that sentence."). "The authority to determine when a sentence is deemed to 'commence' under § 3585(a) resides in the Bureau of Prisons, rather than in the sentencing court." *United States v. Luna-Reynoso*, 258 F.3d 111, 117 (2d Cir. 2001) (internal quotation marks omitted). Where, as here, a defendant is in primary state custody at the time of federal sentencing,

---

[1] Similarly, although 18 U.S.C. § 3582(c)(1)(A) permits so-called "compassionate release"—allowing a district court to modify a sentence where "extraordinary and compelling reasons warrant such a reduction," *id.* § 3582(c)(1)(A)(i)— Defendant does frame his request as one seeking release on that basis.

and the district court orders that the federal sentence run concurrently with the state sentence, "the Bureau of Prisons will designate the State correctional facility as the place for the defendant to serve his Federal sentence. In such cases, the Federal sentence will be deemed to commence upon imposition." *Dutton v. U.S. Attorney Gen.*, 713 F. Supp. 2d 194, 199 (W.D.N.Y. 2010). By contrast, if the district court orders that the federal sentence run consecutive to the state sentence, "the Federal sentence will commence only when primary non-Federal custody over the defendant is relinquished." *Id.* at 200.

In Defendant's case, the Court imposed a twelve-month term of imprisonment. Because this Court also ordered that Defendant's federal sentence run concurrent to his state sentence, his federal sentence "commenced" at the time it was imposed—May 4, 2023. Defendant's federal sentence could *not* commence earlier than that date. *See id.* at 199 ("The *earliest* date a Federal sentence may commence is the date it is imposed."); *Lopez v. Terrell*, 654 F.3d 176, 187 n.5 (2d Cir. 2011) ("[A] federal sentence cannot commence prior to the date on which it is imposed."). In other words, the "clock" on Defendant's twelve-month sentence did not start until May 2023.

Defendant may be under the impression that, regardless of the date on which his federal sentence commenced, he is entitled to some amount of credit for the time he spent in state custody after his arrest (June 2022) but before he was sentenced by this Court (May 2023). To be sure, 18 U.S.C. § 3585(b) requires that, under certain circumstances, a defendant be given credit towards his term of imprisonment for time spent in official detention prior to the commencement of his federal sentence. *See* 18 U.S.C. § 3585(b)(1)-(2). But credit towards an inmate's federal sentence is only granted if it "has not been credited against another sentence." *Id.* § 3585(b). In this case, Defendant has already received credit towards his state sentence for the time spent in state custody after his arrest and before sentencing. *See* ECF No. 180 at 1. Thus, that time may not be credited

3

towards his federal sentence. *See Hollis v. Barr*, No. 20-CV-594, 2021 WL 4844147, at *4 (N.D.N.Y. Oct. 18, 2021) ("Awarding a prisoner with double credit for time that has already been counted against another sentence is strictly prohibited.").

Moreover, even if Defendant may be entitled to some amount of credit, this Court does not have the authority to grant such credit. The "Attorney General, through the BOP, possesses the *sole* authority to make credit determinations pursuant to 18 U.S.C. § 3585(b)." *United States v. Whaley*, 148 F.3d 205, 206 (2d Cir. 1998) (emphasis added). If Defendant disagrees with the manner in which the BOP has calculated his sentence, he may challenge that determination through the BOP's administrative procedures, which "involves a multistep process under BOP regulations, ranging from requesting informal resolution of a complaint to raising that complaint to the BOP Regional Director and, ultimately, to the General Counsel of the BOP." *United States v. Lopez*, No. 20-CR-230, 2022 WL 2340430, at *2 (S.D.N.Y. June 29, 2022). "Once those administrative procedures are exhausted," Defendant "may seek judicial relief by filing a habeas corpus petition under 28 U.S.C. § 2241 in the district of incarceration." *Id.* (internal quotation marks omitted). Therefore, until Defendant has exhausted his administrative remedies, a district court is without jurisdiction to grant him the credit that he requests. *See Whaley*, 148 F.3d at 207 ("Although prisoners may seek judicial review of the BOP's sentencing determinations after exhausting their administrative remedies, the district court is without jurisdiction to compute sentencing credit if a prisoner does not challenge his sentence and has not sought administrative review.").

In denying relief, the Court acknowledges the confusion and frustration expressed by Defendant, defense counsel, and Defendant's mother in their submissions to the Court—especially given their expectation that Defendant would be released in August 2023. *See* ECF Nos. 178, 180, 182, 183. At this time, however, and based on the present record and submissions before the Court,

Defendant has not demonstrated that he is entitled to either an amended judgment or resentencing that would allow for his immediate release or additional credit towards his federal sentence. For these reasons, Defendant's motion and letter request (ECF Nos. 178, 180) are DENIED.[2]

    IT IS SO ORDERED.

Dated: October 18, 2023
       Rochester, New York

                                            HON. FRANK P. GERACI, JR.
                                            United States District Judge
                                            Western District of New York

---

[2] This ruling is not intended to bar Defendant from pursuing other avenues for relief, including with the BOP, should a viable avenue exist.